IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,911-01






EX PARTE THEODORE EDWARD WHITTLEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4005 IN THE 100TH DISTRICT COURT


FROM CARSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with the intent to manufacture methamphetamine and was sentenced to seven
years' imprisonment. The Seventh Court of Appeals affirmed his conviction. Whittley v. State, No.
07-10-00081-CR (Tex. App.-Amarillo Aug. 25, 2010, no pet.). 

 Applicant contends that: (1) the State failed to disclose that a prosecution witness, Holly
Mesneak, agreed to testify against Applicant in exchange for probation; (2) trial counsel failed to
subpoena Leonard Kane; and (3) appellate counsel failed to timely advise Applicant of his right to
file a pro se petition for discretionary review. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Giglio v. United States, 405 U.S. 150 (1972). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial and appellate counsel and the State to respond to Applicant's claims. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether: (1) the State 
reached an agreement for probation with Mesneak before Applicant's trial and violated Brady v.
Maryland, 373 U.S. 83 (1963), by failing to disclose this agreement; (2) trial counsel rendered
ineffective assistance by failing to subpoena Kane; and (3) appellate counsel rendered ineffective
assistance by failing to timely advise Applicant of his right to file a pro se petition for discretionary
review. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 22, 2011

Do not publish